IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CARL SIDNEY RACE, | CV-23-7-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN, | |
| Respondent. | |

This case comes before the Court on Petitioner Carl Sidney Race's amended petition for writ of habeas corpus. (Doc. 6.) Race is a state prisoner proceeding pro se.

## I. PRELIMINARY REVIEW

Before the State is required to respond, the Court must determine whether "it plainly appears from the petition and any attached exhibits that the prisoner is not entitled to relief." Rule 4(b), Rules Governing § 2254 Cases in the United States District Courts. A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolas*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But the Court should

1

"eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Committee Note (1976), Rule 4, § 2254 Rules.

## II. BACKGROUND

Race was convicted on June 18, 1996, after pleading guilty to two counts of deliberate homicide and two counts of attempted deliberate homicide in the Sixteenth Judicial District Court, Custer County, Montana. (Doc. 6 at 2 – 3.) He was sentenced to four consecutive life terms, plus 40 years. (Doc. 6 at 3.) He appealed to the Montana Supreme Court. *State v. Race*, 285 Mont. 177 (Mont. 1997.) Race's conviction was affirmed. His request for rehearing by the Montana Supreme Court was denied on November 13, 1997. He did not apply for relief to the Sentence Review Division. (Doc. 6 at 3.)

Race did not petition for a writ of certiorari in the United States Supreme Court. He did subsequently file three pro se petitions for postconviction relief in the district court on August 5, 1999, June 20, 2002, and July 27, 2017. (Doc. 6 at 3.) Race did not appeal the denial of any of these petitions. (Doc. 6 at 4.) Nor has he filed a petition for a writ of habeas corpus in the Montana Supreme Court. *Id.*

Race raises two grounds in his amended petition. The first is ineffective assistance of trial counsel, which, he claims, resulted in an invalid plea and violations of his Fifth, Sixth, Seventh, and Eighth Amendment rights. (Doc. 6 at 4.)

2

Race's second ground for relief is ineffective assistance of appellate counsel. (Doc. 6 at 5.) He failed to raise Race's alleged ineffective assistance of trial counsel claims, including "very obvious Fifth and Eighth Amendment claims," and fraud on the court by the prosecutor and an expert witness. *Id.*

Race submitted a 29-page memorandum of law in support of his amended petition that asks the Court to excuse any procedural default of his claims and his failure to file within the one-year statute of limitations of 28 U.S.C. § 2244(d). (Doc. 6-1.)

## III. ANALYSIS

### A. Federal Statute of Limitations

A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244(d). Absent a reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), Race's federal petition had to be filed within one year of the date his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A).

Race's conviction became final, for purposes of § 2244(d), 90 days after the Montana Supreme Court's final ruling on his direct appeal; that is, on February 11, 1998. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Unless a petition for postconviction relief, a motion to withdraw his guilty plea, or some other request

3

for collateral review in state court was pending after that date, Race should have filed his federal petition on or before February 10, 1999. Federal time is tolled while a "properly filed application for State post-conviction or other collateral review" is "pending." 28 U.S.C. § 2244(d)(2). The tolling provision of § 2244(d)(2) can repeatedly start and stop, starting when a state collateral proceeding is started and stopping when the state proceeding concludes. Race claims to have filed his state postconviction petitions on August 5, 1999, June 20, 2002, and July 27, 2017[1]. (Doc. 6 at 3.) These do not appear to have been properly filed, such that they would toll the federal statute of limitations, but the Court need not decide that issue now. Even if they had tolled the limit, Race still has filed his federal petition more than twenty years too late.

Consequently, Race must show cause why his petition should not be dismissed with prejudice as time-barred. In the brief submitted with his amended petition, he makes several substantive and procedural arguments, but the only one relevant to this analysis is his contention that the statute of limitations should be equitably tolled for him due to his mental illness. (Doc. 6-1 at 2.)

---

[1] The Court has reviewed the case register report from Race's district court case in Custer County, Montana, DC-9-1995-0003749-IN. That record shows two slightly different dates, with Race referring to the dates of the denial of two of his petitions instead of their filing dates. However, the differences do not affect that calculation of deadlines for purposes of this analysis.

4

## B. Equitable Tolling

The one-year statute of limitations for filing a habeas petition may be equitably tolled if extraordinary circumstances beyond a prisoner's control prevent the prisoner from filing on time. *See Holland v. Florida,* 560 U.S. 631, 649 (2010). In *Holland,* the Court recognized equitable tolling of the AEDPA one-year limitations period when the prisoner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* at 649 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)).

An inmate's mental impairment may be such an "extraordinary circumstance" if he can demonstrate: "the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1099–100 (9th Cir. 2010). Such a petitioner must also show diligence in pursuing his claims "to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *See id.*

> The "totality of the circumstances" inquiry in the second prong considers whether the petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need

5

for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

*Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010).

As a first step, the Court concludes that Race has not satisfied his burden to establish that he was in fact severely mentally impaired, such that he was unable to rationally or factually understand the need to file, or unable to effectuate the filing. Race relies on mental evaluations at the time of his prosecution to show that he was and is mentally ill and functionally illiterate. (Doc. 6-1 at 3 and 16 - 18.) Two psychiatrists testified at his sentencing hearing, one for the prosecution and one for the defense. They disagreed about his level of mental incapacity, and his mental condition was an issue on his appeal to the Montana Supreme Court. *State v. Race*, 285 Mont. 177, 946 P.2d 641 (1997).

The Montana Supreme Court concluded that the district court did not abuse its discretion in its determinations regarding Race's mental health.

> A district court sitting as a finder of fact is free to accept or reject any expert opinion… Rich[, testifying for the defense] opined that Race suffered from a delusional disorder with paranoid features. On cross-examination, however, Rich acknowledged that what he diagnosed as Race's delusional disorder played no role in the planning or execution of the crimes and that there was a lot of manipulation in the way Race presented himself. He further acknowledged that Race had provided false information and was malingering. On the other hand, Stratford[, testifying for the State] diagnosed Race as a malingerer who was not

6

> seriously mentally ill. He strongly disagreed with Rich's opinion that Race suffered from a delusional disorder, and unequivocally stated that Race was not subject to rehabilitation.
>
> The District Court was well within its discretion in accepting Stratford's opinion that Race was not seriously mentally ill over Rich's opinion on that subject. We hold that the District Court properly exercised its discretion with respect to Race's claim that he was seriously mentally ill.

*State v. Race*, 285 Mont. 177, 181, 946 P.2d 641, 643 (1997) (citation omitted).

This Court will defer to this factual determination made by the state courts. "Principles of comity and federalism counsel against substituting our judgment for that of the state courts…" *Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir. 2004) *overruled on other grounds by Murray v. Schriro*, 745 F.3d 984 (9th Cir. 2014). Race does not present the Court any reason not to defer to the state court's findings, since he is relying on the same information that was before the district and Supreme Courts at the time. ("Where the record is amply developed, and where it indicates that the petitioner's mental incompetence was not so severe as to cause the untimely filing of his habeas petition, a district court is not obligated to hold evidentiary hearings to further develop the factual record, notwithstanding a petitioner's allegations of mental incompetence." *Roberts,* 627 F.3d at 773.*Orthel v. Yates*, 795 F.3d 935, 939–40 (9th Cir. 2015).

7

But even if the Court assumed Race was severely mentally impaired, the next step is to consider whether his mental impairment made it impossible to timely file on his own; and whether the circumstances demonstrate Race was otherwise diligent in attempting to comply with the filing requirements. *Bills v. Clark*, 628 F.3d 1092, 1100–01 (9th Cir. 2010). The court answers both of this inquiries in the negative.

Race's three petitions for postconviction relief show that his mental impairment did not make it impossible for him to timely file. His amended petition discusses what he characterizes as his "abandonment" by his trial attorneys following his conviction. He then details the repeated and diligent efforts he made to pursue his appeal, reflecting his awareness that he needed counsel, and his determination to get his appeal filed. (Doc. 6-1 at 7.) (His petition also shows that he wrote meaningful letters to the district court throughout his prosecution, expressing dissatisfaction with certain aspects of the proceedings. (Doc. 6-1 at 21.)) After the dismissal of his appeal, Race filed two petitions for postconviction relief within three years, with the help of fellow inmates. (Doc. 6-1 at 5.) He claims he did not appeal their denial because the inmates helping him were moved. (Doc. 6 at 4.) However, the fact that he was able to find inmates to help him three times, and he was aware that he needed to do so, demonstrates that his mental capacity

8

did not prevent him from understanding the need to file, and, in fact, filing a timely petition.

As to the final factor, the record shows Race was not diligent. The gap of fifteen years between the filing of his second and third state petitions, and then a further six years until he filed in this Court, reflects a lack of reasonable diligence. *White v. Martel*, 601 F.3d 882, 884-85 (9th Cir. 2010) (per curiam); *Spitsyn v. Moore*, 345 F.3d 796, 802 (9th Cir. 2003).

## IV. CONCLUSION

The showing necessary to trigger equitable tolling is demanding and reserved for rare cases. *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003). A petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2014) (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)). In this case, Race has not carried that burden. His petition will be dismissed.

## V. CERTIFICATE OF APPEALABILITY

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a

9

"substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Because Race has slept on his rights, no reasonable jurist would conclude this matter should be encouraged to proceed further. A certificate of appealability will be denied.

Accordingly, it is HEREBY ORDERED:

1. Race's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED.

2. The clerk shall enter, by separate document, a judgment of dismissal.

3. A certificate of appealability is DENIED. The clerk shall immediately process the appeal if Race files a notice of appeal.

DATED this 13th day of June, 2023.

Susan P. Watters
United States District Judge