IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CARL SIDNEY RACE, | CV-23-7-BLG-SPW-TJC |
| Petitioner, | |
| | ORDER |
| vs. | |
| JAMES SALMONSEN, | |
| Respondent. | |

This case comes before the Court on Petitioner Carl Sidney Race's amended petition for writ of habeas corpus. (Doc. 6.) The petition is dismissed.

## I.    BACKGROUND

Race was convicted on June 18, 1996, after pleading guilty to two counts of deliberate homicide and two counts of attempted deliberate homicide in the Sixteenth Judicial District Court, Custer County, Montana. (Doc. 6 at 2 – 3.) He was sentenced to four consecutive life terms, plus 40 years. (Doc. 6 at 3.) He appealed to the Montana Supreme Court. *State v. Race*, 285 Mont. 177 (Mont. 1997.) Race's conviction was affirmed. His request for rehearing by the Montana Supreme Court was denied on November 13, 1997. He did not apply for relief to the Sentence Review Division. (Doc. 6 at 3.)

Race did not petition for a writ of certiorari in the United States Supreme Court. He did subsequently file three pro se petitions for postconviction relief in

1

the state district court on August 5, 1999, June 20, 2002, and July 27, 2017. (Doc. 6 at 3.) Race did not appeal the denial of any of these petitions. (Doc. 6 at 4.) Nor has he filed a petition for a writ of habeas corpus in the Montana Supreme Court. *Id.*

Not mentioned in Race's Amended Petition or other filings until his counsel's recent motion to withdraw is that Race also filed two previous federal habeas petitions in the United State District Court for the District of Montana. *Race v. State of Montana*, CV 98-37-BLG-JDS (dismissed July 20, 1998) and *Race v. State of Montana*, CV 98-173-BLG-JDS (dismissed as second or successive on August 5, 1999.) Due to a recordkeeping error in the District of Montana, the Court was not aware of these cases during the time of its previous consideration of Race's current petition.

## II.   ANALYSIS

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*; see also, 28 U.S.C. § 1915A(B)(1), (2) (the court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally "frivolous or

malicious" or fail to state a basis upon which habeas relief may be granted). As explained below, the Court is without jurisdiction to consider Race's third petition for habeas relief related to his 1996 conviction. The petition will be dismissed.

The petition at hand is the third federal petition Race has filed related to his 1996 conviction. He filed his first in 1998. That petition was dismissed with prejudice as procedurally defaulted. *Race v. State of Montana*, CV 98-37-BLG-JDS (Doc. 13, July 20, 1998). Race's second petition in this Court, *Race v. State of Montana*, CV 98-173-BLG-JDS, was dismissed on August 5, 1999. (Doc. 14.) In that proceeding, Race was advised of his obligation to seek authorization from the Ninth Circuit and given time to accomplish that. (Docs. 6 and 9.) The Court of Appeals denied the authorization on July 6, 1999, and the petition was dismissed in this Court.

Race's third petition must also be dismissed. The Court lacks jurisdiction to consider any further challenges to Race's 1996 conviction unless and until the Ninth Circuit authorizes him to file a successive petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Absent such authorization, Race may not proceed in this Court. Race has been advised of this requirement before, and has sought authorization at the Circuit. Race's petition will be dismissed.

3

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). There is no question that Race has filed two previous petitions in this Court, divesting this Court of jurisdiction over his petition. A certificate of appealability will be denied.

Accordingly, it is HEREBY ORDERED:

1.     Race's Amended Petition (Doc. 6) is DISMISSED for lack of jurisdiction. The Clerk of Court is directed, by separate document, to enter Judgment in favor of Respondent and against Petitioner. Absent leave from the Ninth Circuit, Race must refrain from making further challenges to his 1996 judgment of conviction via § 2254 petitions filed in this Court.

2.     A certificate of appealability is DENIED.

4

DATED this 8th day of September, 2025.

Susan P. Watters
United States District Court Judge