IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| CARL SIDNEY RACE, | CV-23-7-BLG-SPW-TJC |
| Petitioner, | |
| vs. | ORDER |
| JAMES SALMONSEN, | |
| Respondent. | |

Petitioner Carl Sidney Race has moved for relief from the dismissal of his petition for writ of habeas corpus, under Fed. R. Civ. P. 60. (Doc. 26.) The motion is denied.

I.    Background

Petitioner Race filed a petition for a writ of habeas corpus and an accompanying memorandum on January 19, 2023. (Doc. 1.) The petition was dismissed as untimely. (Doc. 7.) Race appealed. Race was appointed counsel. The Ninth Circuit Court of Appeals vacated this Court's order and remanded, concluding that Race had not had sufficient notice and opportunity to respond to the Court's conclusions regarding timeliness. *Race v. Salmonsen*, 131 F.4th 792 (9th Cir. 2025).

Following remand, Race was ordered to show cause why his petition should not be dismissed as untimely. (Doc. 16.) He filed a response on August 29, 2025.

1

(Doc. 20.) However, in reviewing Race's files in the District of Montana, it became clear that Race had actually filed two previous habeas petitions, in 1998. As a result, Race's third petition was dismissed for lack of jurisdiction. (Doc. 24.) A certificate of appealability was denied. Race did not subsequently seek a certificate from the Court of Appeals under Fed. R. App. Proc. 22 or Circuit Rule 22-3. Seven months later, Race filed this Rule 60 motion.

II.     Analysis

Rule 60(b) allows relief from judgment for several reasons, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, void or satisfied judgment, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) – (6). Race's motion relies on Rule 60(b)(6), "any other reason." Race argues that the Court has again dismissed his petition without giving him an opportunity to "respond and/or argue against dismissal." (Doc. 26 at 2.) Race contends that his current petition should not be considered an improper second or successive petition, citing various apt and inapt U.S. Supreme Court and Ninth Circuit cases. (Doc. 26 at 4 - 5.) His basis for this assertion, apparently, is that he 'has no memory of filing neither [sic] a first or second habeas petition in 1998-1999." (Doc. 26 at 4.) Race has not been able to review the records from his previous filings, and is therefore not convinced that his current petition should be barred, based on those filings.

2

Race's first habeas petition related to this conviction, *Race v. State of Montana*, CV 98-37-BLG-JDS, was dismissed July 20, 1998 as procedurally defaulted. (CV 98-37-BLG-JDS, Doc. 5.) Race was given the opportunity to explain why that petition should not be dismissed on those grounds, and he failed to do so. (Docs. 5 and 8.) Race did not object to the Magistrate Judge's Findings and Recommendation regarding the procedural default. District Judge Jack Shanstrom adopted the Magistrate's recommendation of dismissal. (Doc. 12.) Race did not appeal the dismissal.

Race filed his next habeas petition, in *Race v. State of Montana*, CV 98-173-BLG-JDS, on December 2, 1998. Race was given the opportunity to apply to the Ninth Circuit Court of Appeals for authorization to file what this Court found to be a second or successive petition. (Doc. 6.) On June 30, 1999, the Court of Appeals denied his request. (Doc. 11 (*Race v. State of* Montana, No. 99-70638 (9th Cir. June 30, 1999.)) Race's second petition was then dismissed in this Court on August 5, 1999. (Doc. 13.)

To obtain relief under Rule 60(b)(6), the party seeking relief must show that his conduct was "faultless." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 393 (1993). The party "must demonstrate 'extraordinary circumstances which prevented or rendered him unable to prosecute his case;'" that is, "both injury and circumstances *beyond his control* that prevented him from

3

proceeding with the prosecution or defense of the action in a proper fashion." *Community Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971)) (internal brackets omitted) (emphasis added). Race has not met this standard. He has not timely sought review of this Court's most recent dismissal in the Court of Appeals via Fed. R. App. Proc. 22. He does not assert any reason to question his previous procedural default, other than he does not remember his prior filings. He speculates various scenarios that might make his current petition not second or successive, including the possibility that he was challenging his conditions of confinement. (Doc. 26 at 6 - 7.) However, the fact that, at the time, his second petition in this Court was not authorized by the Court of Appeals demonstrates that none of these hypothetical alternatives was the case. Race has not provided a compelling reason under Fed. R. Civ. P. 60 to relieve him from the Court's order of dismissal.

Accordingly, it is HEREBY ORDERED that Race's Rule 60 motion is DENIED.

DATED this 8th day of May, 2026.

Susan P. Watters
United States District Court Judge

4